MILLER, Judge.
This is a companion case to Michigan Wisconsin Pipe Line Company v. Samuel Bonin et al., 217 So.2d 741, and was submitted on substantially the same evidence. Our rulings on the issues discussed in that opinion are hereby made our rulings in the instant case.
Additionally, defendant complains that the trial judge did not require plaintiff to answer all of the 190 interrogatories propounded by defendant. The trial judge sustained plaintiff’s objections to 102 of the interrogatories and appellant did not favor us by particularizing which one or group of these 102 interrogatories would have furnished him the information which he now contends he was entitled to — i. e. “information which would lead to admissible evidence on the question of danger of the pipeline which has much to do with the determination of fear thereof and consequent quantum of severance damages.” The trial judge did not require answers to interrogatories numbered 48, 49, 79, 80, 81, 82, 93, 168, and 173, all of which appear to be relevant to defendants’ complaint. Interrogatory number 48 sought information concerning any increase in pressure that might be added.
“49. Describe all of the links of pipe you plan to place on Defendant’s property and precisely where.”
Interrogatories 77 and 78 were answered as follows:
“77. What is the maximum pressure your proposed line will take ? Answer. 1450 pounds PSI.
“78. What is the maximum pressure you will place in your proposed line? Answer. 950 pounds PSI.
“79. Isn’t that dangerous for explosions ?
*749 “80. If you have an explosion of your proposed line on Defendants’ property, what is the fartherest distance one may be and yet be killed?
“81. Have not lines such as that proposed by you exploded and killed people and destroyed blocks of homes ?
“82. What procedures will you follow to insure that there will be no explosions ?
“93. Is the line you plan to place on Defendant’s property a dangerous one?
“168. What will be the flash point of the natural gas you will transport in your proposed line ?
“169. What is the flash point of what is being transported in the line nearby and presently existing?
“170. How often will your proposed line be tested for leaks?
“171. How do you test your lines for leaks ?
“172. What procedures do you follow to test your lines for leaks?
“173. How many men do you have to inspect your lines to prevent explosions ?”
While we agree with counsel for defendant that some of these interrogatories could yield information relevant to determine the dangers one might incur by living near the line, we do not find serious error on the part of the trial judge such as to justify remanding the case. Furthermore, we are impressed with the diligence of the trial judge in his careful consideration of the 190 interrogatories, and find that his reduction of the number of interrogatories that plaintiff was required to answer to the number of 88 is entirely proper.
Defendant’s property contains 40.3 acres, bounded on the east by blacktop highway 686 and on the south, fronting 4500 feet on a parish gravel road. It has a depth of about 440 feet. The land is level and well drained. All experts agree that its highest and best use is for rural homesites.
The property is situated about 500 yards from a high school, an elementary school, primary school, church, post office, bank, and shopping areas which can be reached by the gravel road. A fire station is located about 800 yards away. The area is a fast developing rural area, densely populated with rural homesites and good new construction activity.
Mr. Angers appraised the property at $1550 per acre, while plaintiff’s other expert, Mr. Chappuis, appraised the property at $900 per acre. Both defendant’s experts appraised this property at $2,500.00 per acre and used the same formulae set forth in Bonin to arrive at their appraisal of severance damages at the figure of $2,625.00.
We find the fair market value of the 40.3 acres to be $2,000 per acre. Applying the same formula approved in Bon-in, we find that 5 acres have suffered severance damages, and award the sum of $2,100.00 as severance damages related to the taking of the 30-inch pipeline servitude. Defendants are entitled to interest at the rate of 5% per annum from May 21, 1968 until paid, and court costs are assessed to plaintiff-appellee.
Amended and affirmed.
HOOD, J., dissents, being of the opinion that the judgment appealed from is correct.